UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GERARD V. SUNNEN, M.D.,

              Plaintiff,

        -against-                               12 Civ. 3417 (CM)

NEW YORK STATE DEPARTMENT OF
HEALTH, SENATOR CHARLES E.
SCHUMER, MAYOR MICHAEL R.
BLOOMBERG

              Defendants.
-----------------------------------------------------------x

## OPINION AND ORDER

McMahon, J.:

      Defendant Senator Charles E. Schumer ("Senator Schumer") has moved to substitute the United States as Defendant pursuant to 28 U.S.C. § 2679, and also to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. Defendant Mayor Michael R. Bloomberg ("Mayor Bloomberg") has moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendant the New York State Department of Health ("DOH") has moved to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim.

      For the reasons that follow, all of the Defendants' motions are GRANTED.


ied to counsel on 12/21/12

## BACKGROUND

Since the document styled "Complaint" does not plead all of the key facts, I will deem that pleading supplemented by the endorsed letters that Plaintiff *pro se*, Dr. Gerard V. Sunnen, ("Sunnen") filed in response to the present motions – which facts would be pleaded if the court were to grant plaintiff leave to amend his complaint – as well as the exhibits attached to Senator Schumer's notice of removal.

Sunnen was a New York State licensed physician who specialized in psychiatry and neurology. In 1996, the DOH initiated proceedings against Sunnen on charges of professional misconduct. Sunnen's license to practice medicine was revoked when a Hearing Committee ("Hearing Committee") of the State Office of Professional Medical Conduct ("OPMC") of the DOH found that he committed multiple serious acts of professional misconduct. (Compl. 9; Mem. in Supp. of DOH's Mot. to Dismiss 2.) The Hearing Committee found that Sunnen was negligent, engaged in sexual conduct with a patient, was morally unfit, and failed to maintain adequate records. (Mem. in Supp. of DOH's Mot. to Dismiss 3.)

On appeal, the OPMC's Administrative Review Board affirmed the Hearing Committee's findings, found Sunnen guilty of gross negligence and fraudulent practice, upheld the decision to revoke Sunnen's license, and imposed a $20,000 fine. (*Id.*)

Sunnen then brought an Article 78 proceeding in the Third Department of the New York State Appellate Division. The Appellate Division affirmed the decision of the Administrative Review Board, and the Court of Appeals subsequently denied Sunnen's request for leave to appeal. *Id.*; *Sunnen v. Administrative Review Bd. for Professional Medical Conduct*, 244 A.D.2d 790, 791-92 (1997); *Sunnen v. Administrative Review Bd. for Professional Medical Conduct*, 92 N.Y.2d 802 (1998).

On January 15, 2010, Sunnen, who at the time was represented by counsel, commenced an action by filing a complaint in this court against the DOH, the State of New York, Governor David Patterson, and Richard F. Daines, M.D., a commissioner of the DOH, asserting employment discrimination in violation of Title VII of the Civil Rights Act of 1964, state law claims for defamation, intentional infliction of emotional distress, and *prima facie* tort. (Mem. in Supp. of DOH's Mot. to Dismiss 3.) This Court granted the defendants' motion to dismiss for failure to state a claim under Title VII, both because the defendants were not his employer and because the claim was time barred. *See Sunnen v. New York*, No. 10 Civ. 372, 2010 WL 3912728 (S.D.N.Y. 2010). This court also refused to exercise supplemental jurisdiction to adjudicate plaintiff's state law claims. *Id.*

On January 3, 2012, Sunnen sent a letter to the New York State Department of Human Rights ("NYSDHR") alleging "that the New York State Department of Health..., in a spirit of ethnic bias and discrimination, enabled social emergencies and compromised health care delivery to the French-American community of New York, specifically during the time of the Iraq conflict." (Notice of Removal Ex. A-1 Pet. to NYSDHR.) Sunnen seems to have intended that this letter serve as a formal complaint that the DOH failed to assist in offering healthcare to the French-American community in light of the anti-French sentiment that spread in New York, resulting in "medical and mental health calamities." (*Id.*) Sunnen also mentioned that he sent numerous certified mailings to Governor Pataki, Governor Spitzer, Governor Patterson, Senator Schumer, Senator Clinton, and Mayor Bloomberg, none of whom condemned the anti-French atmosphere that allegedly pervaded New York during the Iraq War. He also claimed that DOH infringed on his right to due process when it denied him the right to call witnesses at his hearings a decade and more earlier, as well as when a State official spat on him.

On January 30, 2012, the NYSDHR entered an order dismissing the verified complaint that Sunnen filed on January 5, 2012, which charged the DOH with "an unlawful discriminatory practice relating to nonjurisdictional because of race/color in violation of N.Y. Exec. Law, art. 15 ('Human Rights Law')," on the grounds that the alleged discriminatory conduct is not protected under the New York State Human Rights Law. (Notice of Removal Ex. A-1 NYSDHR Determination and Order of Dismissal.)

Plaintiff appealed of this determination by commencing another Article 78 proceeding in the New York State Supreme Court against DOH, Senator Schumer, and Mayor Bloomberg. (Mem. in Supp. of DOH's Mot. to Dismiss 4.) Sunnen asked the court to award "1) punitive damages for bias and discrimination resulting in medical and mental health calamities impacting the French-American community during the Iraq conflict; 2) "restitution" because the NYSDOH blocked funding for two U.S.-Egyptian clinical studies on which plaintiff was to be the principal investigator; 3) "reparations" to redress NYSDOH's libel and slander which continues to this day." (Notice of Removal Exhibit A-1 Sunnen Notice of Petition 1.) Sunnen seeks $6 million in punitive damages, made payable to various charitable organizations, from Senator Schumer, Mayor Bloomberg, and the DOH for the suffering of the French-American community. (Compl. 8.) Sunnen valued the cost of the DOH's impediment of the clinical research at $4 million. (Compl. 8-9.) He also seeks an additional $10 million in punitive damages against the DOH for its disregard of due process, reinstatement of his license to practice medicine in New York, and $6 million in compensation for lost wages. (Compl. 9.)

On April 30, 2012, Senator Schumer filed a notice of removal pursuant to both 28 U.S.C. §2679(d)(2), because he construed the complaint against him as pursuant to the Federal Tort Claims Act ("FTCA"), and 28 U.S.C. §1442(a)(1)(4), which allows any member of Congress to

remove a civil action to the district court embracing the place where it is pending. (Notice of Removal 2.) Senator Schumer attached to the notice of removal a certification from the United States Attorney for the Southern District and the Acting United States Attorney for the Southern District that he was acting within the scope of his employment at the time of the incidents alleged. (Notice of Removal Ex. B Certification.) On May 7, Senator Schumer filed a motion to substitute the United States as a party to the FTCA action and to dismiss the case for lack of subject matter jurisdiction and failure to state a claim. (Mem. in Supp. of Senator Schumer's Mot. to Dismiss.) Although Sunnen did not file opposition with this court, he mailed Senator Schumer's counsel a letter in which he took issue with the "symbolic connotation" of substituting the United States as a party and repeated his theory that Senator Schumer's inaction in the face of anti-French sentiment caused great economic and physical hardship. (Senator Schumer Reply Mem. of Law Ex. A.)

On May 22, Mayor Bloomberg filed a motion to dismiss for failure to state a claim because Mayor Bloomberg had no duty to curtail citizens from expressing ill-will towards people or other nations, and because any cognizable claim would be barred by the statute of limitations. (Mem. of Law in Supp. of Mayor Bloomberg's Mot. to Dismiss 1.) Sunnen responded to Mayor Bloomberg's motion by writing me a letter arguing that dismissal would send the "wrong message" to the French-American community of New York and Egypt's health establishment. He also used the letter to reiterate his grievances against the DOH – i.e. that he was denied due process in the administrative proceedings against him because he could not call witnesses and that the DOH does not have the right to have "untrue, unsubstantiated…postings on its official website." (Docket # 23.)

5

Finally on June 5, the DOH filed a motion to dismiss because the 42 U.S.C. § 1983 and State Human Rights Law ("SHRL") actions are barred by the Eleventh Amendment; the state law defamation, slander, and libel claims fail to state a claim and are time barred; the claim to overturn the state court judgment to uphold the revocation of his license is barred by collateral estoppel and the Rooker-Feldman Doctrine; and that the requested punitive damages under SHRL are not available as a matter of law. (Mem. of Law in Supp. of DOH's Mot. to Dismiss 1.)

## DISCUSSION

It is obvious from the foregoing that this action can and should be dismissed pursuant to 28 U.S.C. § 1915(2)(B)(i), because the claims pleaded – failure to quell anti-French demonstrations, blocking funding for research projects – are on their face frivolous. However, the parties have made motions, and the court will address the arguments contained therein.

### A. The United States Should be Substituted as a Party in the Action against Senator Schumer

Sunnen claims that Senator Schumer was negligent in "failing to make timely statements which clearly would have quelled destructive anti-French reactions" and that he did not do anything to prevent the DOH from blocking the clinical studies. (Compl. 2, 6.) He alleges that Senator Schumer was "well aware of the anti-French boycotts…the street demonstrations, the picketing of the Consulate of France, the eggs thrown on its façade, the bottles of French wine smashed in the streets, and the vandalized storefronts." (Compl. 6.) Sunnen asks that Senator Schumer contribute to a judgment of $6 million in punitive damages for the suffering of the French community.

6

The Federal Tort Claims Act ("FTCA") is a claimant's exclusive remedy for non-constitutional torts committed by a government employee acting within the scope of his employment. *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994) (citing 28 U.S.C. § 2679(b)(1)). The FTCA requires that the United States be substituted as defendant where the United States Attorney has certified that the federal employee was acting within the scope of employment. *De Masi v. Schumer*, 608 F.Supp.2d 516, 521 (S.D.N.Y. 2009).

Senator Schumer attached the certification of the United States Attorney for the Southern District of New York, Preet Bharara, signed by Acting United States Attorney for the Southern District of New York, Richard B. Zabel, certifying that he was working within the scope of his employment when he did or did not comment on particular matters. Although Sunnen takes issue with the "symbolic connotation" of suing the United States, he does not argue that Senator Schumer's decisions about what public comments to make in his capacity as a United States Senator was beyond the scope of his employment, nor could he. Sunnen relies on Senator Schumer's position as a high-ranking government employee in ascribing a duty to him to stifle the expression of his constituents. Therefore, the United States is properly substituted as a party to this lawsuit.

B. *Sunnen's Claims against the United States Are Dismissed Because He Did Not Present His Claim to the Appropriate Federal Agency*

The lawsuit against the United States is dismissed because it is barred by the Eleventh Amendment. It is the plaintiff's burden to establish that this Court has subject matter jurisdiction. *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996). When an action is brought against the United States government, compliance with the conditions under which the government has

agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist. *Williams v. United States*, 947 F.2d 37, 38 (2d Cir. 1991). The FTCA is a limited statutory waiver of sovereign immunity that allows for a tort suit against the United States under certain conditions. *Liranzo v. United States*, 690 F.3d 78, 85 (2d Cir. 2012).

One such condition is that the claimant must first present the claim to the appropriate federal agency and that agency must deny the claim. 28 U.S.C. § 2675(a). This requirement "is jurisdictional and cannot be waived." *Celestine v. Mount Vernon Neighborhood Health Center*, 403 F.3d 76, 82 (2d Cir. 2005). Before initiating a lawsuit against a United States Senator, a plaintiff is first required to file an administrative claim with the Office of the Senate Sergeant at Arms. *De Masi v. Schumer*, 608 F.Supp.2d 516, 525 (S.D.N.Y. 2009). Sunnen has not indicated anywhere that he first filed a claim with the Office of the Senate Sergeant at Arms. Therefore, this court does not have subject matter jurisdiction and Sunnen's claims against the United States are dismissed.

Of course, were plaintiff to exhaust his administrative remedies and try to refile this case, it would only be dismissed again, because his complaint against Senator Schumer is based on the performance of a discretionary function. The Government has not adequately briefed the issue of whether Senator Schumer's failure to speak out against injustice to the French-American community was grounded in considerations of public policy, which is a prerequisite for dismissal on this basis. *Coulthurst v. U.S.*, 214 F.3d 106, 110 (2d Cir. 2000). Of course, refusing to speak out on any particular issue, or to try to prevent one's constituents from expressing their views on pretty much any subject, could be said to be grounded in the public policy underlying the First Amendment. But the short answer is that the claim would immediately be dismissed for the reason stated above – it is patently frivolous, and so does not state a claim that is plausible on its

8

face, as required by Rule 12(b)(6). Furthermore, to the extent that the plaintiff complains of anti-French activities, he fails to allege that he personally was harmed. This will be discussed more fulsomely below, in connection with Mayor Bloomberg's motion to dismiss.

### C. The Motion to Dismiss for Failure to State a Claim against Mayor Bloomberg Is Granted

Sunnen's allegations against Mayor Bloomberg are nearly identical to those against Senator Schumer: Bloomberg failed to make timely statements that would have quelled any anti-French sentiment in New York. Sunnen also alleges that Mayor Bloomberg was made aware of the DOH's role in blocking the clinical studies and did not protest this injustice.

Mayor Bloomberg has moved pursuant to Rule 12(b)(6) to dismiss for failure to state a claim.

When ruling on such a motion, the court must "accept the material facts alleged in the complaint as true" and draw "all reasonable inferences from its allegations in favor of the plaintiff." *Lee v. Sony BMG Music Entm't, Inc.*, 557 F. Supp. 2d 418, 423 (S.D.N.Y. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Thus, unless a plaintiff's well-pleaded allegations have "nudged [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 680.

9

Submissions of *pro se* litigants "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citing *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). However, even the claims of a *pro se* plaintiff will be dismissed if the complaint is not plausible on its face. *See, e.g., Hunt v. Klein*, No. 11-1057-cv, 2012 WL. 1292717, at *1 (2d Cir. April 17, 2012).

Sunnen's allegations against Mayor Bloomberg amount to a claim in negligence; specifically Plaintiff alleges that Mayor Bloomberg negligently failed to take action in response to anti-French manifestations and the boycotting of French businesses, and that he negligently failed to ensure that the clinical studies were funded. "To establish a *prima facie* case of negligence, a plaintiff must demonstrate the existence of a duty, a breach of that duty, and that the breach of such duty was the proximate cause of his or her injuries." *Gray v. Wackenhut Services, Inc.*, 721 F.Supp.2d 282, 287 (S.D.N.Y. 2010) (citing *Gordon v. Muchnick*, 579 N.Y.S.2d 745, 745 (1992)). The damaged plaintiff must be able "to point the finger of responsibility at a defendant owing, not a general duty to society, but a specific duty to him," especially when he seeks recovery from the public purse. *Lauer v. City of New York*, 95 N.Y.2d 95, 116 (2000) (quoting *Johnson v. Jamaica Hosp.*, 62 N.Y.2d 523, 527 (1984).

Sunnen does not plead that Mayor Bloomberg owed a specific duty to the French-American community of New York to protect it from anti-French speech (which, indeed, he could not do consistent with the Constitution), or to ensure the success of French-American businesses. Nor has Sunnen alleged that he was proximately harmed by Mayor Bloomberg's failure to condemn the lawful acts of New York City residents. Rather, Sunnen asserts a claim on behalf of those who may have been harmed.

Sunnen also does not point to a specific duty that required Mayor Bloomberg to personally see to it that potentially beneficial medical research commissioned by the Egyptian Ministry of Health and the University of Cairo was conducted. Sunnen has thus failed to state a claim for relief, and his claim is dismissed.

### D. Sunnen's Claim that NYSDOH Violated the Fourteenth Amendment is Barred by the Eleventh Amendment

Sunnen states that the Complaint "reports on basic human rights violations, in which, an ethnic group, targeted for retribution – in this case the French-American community of New York – suffers economic and human hardships." This may be interpreted to assert a claim that the DOH violated his community's Fourteenth Amendment rights.

Congress enacted 42 U.S.C. § 1983 to serve as the means by which claims can be brought under the Due Process Clause of the Fourteenth Amendment. *Verdon v. Consolidated Rail Corp.*, 828 F.Supp. 1129, 1136 (S.D.N.Y. 1993). Congress did not abrogate sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). This means that neither states nor their officials acting in their official capacity are "persons" for the purposes of § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), because Eleventh Amendment sovereign immunity prevents agencies and arms of the state from being sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, because the NYSDOH is an agency of New York state and has not otherwise waived its sovereign immunity from § 1983 claims, *Gage v. New York State Dept. of Health*, 204 F.Supp.2d 399, 402 (N.D.N.Y. 2002), Sunnen's § 1983 claim against the DOH must be dismissed because it is barred by the Eleventh Amendment.

### E. *Sunnen's Claim that DOH Violated New York State Human Rights Law is Barred by the Eleventh Amendment*

Sunnen attempted to seek redress for the same "human rights violations" in the action commenced in the NYSDHR under SHRL. The Eleventh Amendment applies with equal force to bar these claims. In enacting SHRL, New York did not waive its immunity from suit in federal court. *Rumain v. Baruch College of the City Univ. of N.Y.*, No. 06 Civ. 8256, 2007 WL 1468885 at * 2 (S.D.N.Y. May 18, 2007). Therefore, Sunnen's SHRL claim against the DOH must be dismissed.

### F. *Sunnen's Libel and Slander Claims are Barred by the Eleventh Amendment*

Sunnen requests the award of damages and an injunction against the DOH for its "use of libel and slander as vindictive tools against physicians." The Eleventh Amendment also bars Sunnen from asserting these claims in federal court.

I can find no statute in which New York has unequivocally indicated that it wishes to waive its sovereign immunity against suits for defamation. *Sossamon v. Texas*, 131 S.Ct. 1651, 1658 (2011). Although Sunnen requests prospective injunctive relief to remedy the allegedly libelous and slanderous speech, *Ex Parte Young*, 209 U.S. 123 52 (1903), the Supreme Court has made clear that the *Ex Parte Young* doctrine does not apply when a federal court is asked to grant relief against state entities on the basis of *state law* violations. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 97–100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Libel and slander are state law tort claims that this court cannot entertain against the DOH. Therefore, the libel and slander claims are barred by the Eleventh Amendment.

### G. The Rooker-Feldman Doctrine Bars This Action Insofar as it is an Attack on the State Court Judgments

Sunnen challenges the DOH's handling of the OPMC administrative action to revoke his license, as well as the administrative and state court appeals which affirmed that decision. He cites due process violations and ethnic bias and seeks to overturn those rulings – together with restoration of his license and payment for lost salary.

The Rooker-Feldman doctrine deprives a federal court of subject matter jurisdiction over cases brought by parties who lose in a state court action and then come to federal court complaining of injuries caused by the state court. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). Four factors determine whether the Rooker-Feldman doctrine applies. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must invite the district court to review and overturn that judgment. Fourth, the state court judgment must have been rendered before the district court proceedings commenced. *Id.*

Sunnen here makes the same arguments for reversal of the Hearing Committee's decision to revoke his license and sanction him that he did in the Article 78 proceeding he initiated in the Appellate Division. *Sunnen v. Administrative Review Bd. for Professional Medical Conduct*, 244 A.D.2d 790, 791-92 (3d Dep't. 1997). There, the Third Department affirmed the judgment of the Administrative Review Board, which (i) upheld the decision of the Hearing Committee revoking Sunnen's license and (ii) imposed additional fines and sanctions on Sunnen. *Sunnen*, 244 A.D.2d 790. The Appellate Division held that the decision to revoke Sunnen's license was not the

13

product of discrimination and did not come about as a result of any due process violation to him. Sunnen now asks this court to overturn the judgment the Appellate Division rendered fifteen years ago. Rooker-Feldman bars his suit.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed in its entirety against all defendants, with prejudice. The Clerk of the Court is directed to remove the motions at docket # 6, # 12, and # 17 from the court's list of active motions and to close the file.

Dated: December 21, 2012.

_____
U.S.D.J.

BY ECF TO ALL COUNSEL